## COX v. BATES.

(City Court of New York, General Term. April 3, 1899.)·

PLEADING—AMENDMENT.

Where one of two defendants in an action on a joint promissory note is not served, but judgment is rendered on the note, and thereafter an action is brought against the defendant not served, alone, and demurrer to the complaint for defect of parties is sustained, plaintiff should be allowed to amend on payment of costs.

.Appeal from trial term.

Action by John W. ·Cox against Henry W. Bates and James F. Pierson. Defendant Bates was not summoned. Judgment was obtained on the joint promissory note of defendants. Thereafter an action was brought against defendant Bates alone, and he demurred on the ground of defect of parties defendant, and that the complaint did not state facts sufficient to constitute a cause of action, because it showed that the note was joint, while it was described as a joint and several note. Demurrer was sustained. Plaintiff moved to resettle order dismissing the complaint, and to allow him to pay costs and amend his complaint. This was denied, judgment was entered for defendant, and plaintiff appeals. Modified.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

E. L. Heydecker, for appellant.
Edward T. Paul, for respondent.

PER CURIAM. We think that the demurrer was properly sustained, but, in the interest of justice, the plaintiff should have been allowed to amend his complaint upon the payment of the usual costs. The amendment asked for was just and reasonable, and against which defendant had no moral right to complain. No injustice would have been done had the proposed amendment been permitted. To deny it certainly worked harm and injustice to plaintiff. The plaintiff must therefore be permitted to serve his proposed amended complaint within three days after the entry of order hereon, upon payment of taxable costs.

The orders and judgment appealed from must be so modified, and, as modified, they are affirmed. No costs or disbursements of this appeal to either party.